Dear Senator Herbert,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
When a private insurance company uses an out-of-statephysician to perform post-treatment medical claims reviews todetermine whether the treatment provided is covered and paymentis to be made, must the physician be licensed in Oklahoma inorder to review claims for treatment provided in Oklahoma?
¶ 1 In essence, you are asking whether a physician who performs Oklahoma claims reviews must hold an Oklahoma license. For the purposes of this Opinion, it is assumed that "claims review" means the post-treatment review of medical reimbursement claims by a physician on behalf of a private insurance company to determine whether reimbursement should be made to or on behalf of a patient.[1]
¶ 2 The Healing Arts statutes ("Act") is found at 59 O.S.2001, §§ 725.1-738.6. Section 725.2(C) defines a "physician" as a person licensed to practice podiatry, chiropractic, dentistry, medicine and surgery, optometry or osteopathy. Section 731.3 of the Act provides that it is illegal for a person to engage "in the diagnosis and/or treatment of any human ill" unless that person holds a legal and unrevoked license or certificate authorizing the person to practice the healing art covered by the license. Section 731.1(3) of the Act defines "diagnosis" as "the use professionally of any means for the discovery or determination of any human ill as herein defined, or the cause of any such human ill[.]" The Act defines "treatment" as "the use of drugs, surgery, including appliances, manual or mechanical means, or any other means of any nature whatsoever, for the cure, relief, palliation, adjustment or correction of any human ill. . . . "Id. § 731.1(4).
¶ 3 By the definitions above, a physician who performs claims reviews does not engage in the treatment of a patient. The question thus turns on whether a claims review equates to the diagnosis of a human ill. No statutes or administrative regulations relating to insurance, or to the individual practice acts for physicians practicing the healing arts, address this issue.
¶ 4 A "review" is by nature retrospective. Webster's Third New International Dictionary 1944 (3d ed. 1993). A physician who performs claims reviews examines medical reimbursement claims submitted by or on behalf of a patient. The medical reimbursement claims set forth the human ill previously discovered or determined by the patient's own treating physician. The reviewing physician then retrospectively reviews the diagnosis made by the treating physician and determines whether the patient will be reimbursed for medical treatment based upon the diagnosis previously made by the patient's treating physician. At the time the reviewing physician performs the claims review, a diagnosis has already been made by the patient's treating physician. The reviewing physician simply reviews another physician's diagnosis and makes a payment decision. Thus, a physician's review of medical reimbursement claims does not equate to the diagnosis of a human ill.
¶ 5 Under the definitions of "diagnosis" and "treatment" set forth in Section 731.1(3) and (4), a physician performing post-treatment claims reviews does not diagnose or treat any human ill. Therefore, an out-of-state physician performing post-treatment claims reviews for Oklahoma patients would not be required to hold an Oklahoma license.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 When a private insurance company uses an out-of-statephysician to perform post-treatment medical claims reviews todetermine whether the treatment provided is covered and paymentis to be made, the physician is not required under 59 O.S.2001, § 731.3[59-731.3] to be licensed in Oklahoma in order to reviewclaims for treatment provided in Oklahoma.
W.A. DREW EDMONDSON Attorney General of Oklahoma
ELIZABETH SCOTT Assistant Attorney General
[1] We do not address the issue of whether one must be a physician to perform post-treatment claims reviews, nor do we address the licensure requirements which might be imposed on the claims reviewer by the private insurance company.